OPINION
{¶ 1} Pursuant to an indictment filed on February 28, 2001, defendant-appellant, Todd M. Wolfe ("appellant"), was charged with one count of Attempted Murder, a first-degree felony, one count of Felonious Assault, a second-degree felony, and one count of Aggravated Vehicular Assault, a third-degree felony. This indictment arose from a February 23, 2001, incident wherein appellant intentionally drove his 1997 Ford pickup truck over a pedestrian, causing severe physical injury to the pedestrian.
 {¶ 2} On May 4, 2001, appellant and his attorney, agreed that appellant would plead guilty to the charges of Felonious Assault and Aggravated Vehicular Assault, respective violations of R.C. 2903.11(A)(1) and 2903.08(A)(1). In exchange for those pleas, the State agreed to Nolle the attempted Murder charge. Furthermore, the State agreed that if appellant would enter the guilty pleas as stated above, it would recommend that appellant receive a determinate sentence of six years on the Felonious Assault charge and that any sentence received on the Aggravated Vehicular Assault charge be served concurrently.
 {¶ 3} On May 4, 2001, the court conducted a hearing and made specific inquiry of appellant as to whether he understood the nature of the charges against him, the recommended sentences, his satisfaction with his appointed attorney, and his remaining Constitutional rights with respect to the within action. Upon determining that appellant was knowingly, voluntarily, and intelligently entering into this plea arrangement, the court accepted appellant's pleas and dismissed the Attempted Murder charge.
 {¶ 4} On June 4, 2002, the trial court conducted an evidentiary hearing with respect to the sentencing of appellant. Before sentencing appellant, the trial court made the following findings on the record:
 {¶ 5} "The court finds the most serious offense committed by the defendant is a felony of the second degree, which carries a presumption for prison.
 {¶ 6} "The court finds that based upon the nature of this offense, the seriousness of the harm that was involved, the ridiculous scenario that led up to this event with a minor altercation, which escalated into the harm of the nature that the victim will never be same again in his entire life, as his whole life has been ruined because of one incident in which you were responsible, the court finds that a prison sentence is appropriate. The court also finds that the minimum sentence would demean the seriousness of this offense and also not adequately protect society in this matter."
 {¶ 7} The court then sentenced appellant, in accordance with the State's recommendation, that appellant be incarcerated for six years on the Felonious Assault charge. The court sentenced appellant to a mandatory five-year prison sentence on the Aggravated Vehicular Assault charge, and ordered that the two sentences be served concurrently.
 {¶ 8} Thereafter, appellant filed a motion for leave to appeal his judgment of conviction and sentence entered in the Muskingum County Court of Common Pleas. Attorney D. Scott Rankin was appointed to represent appellant.
 {¶ 9} On September 26, 2002, counsel for appellant filed a brief pursuant to Anders vs. California (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous. Counsel for appellant also sought to withdraw as counsel for appellant. Counsel for appellant also notified appellant of his right to file a pro se brief raising any and all errors appellant deemed occurred in the trial court. On December 3, 2002, appellant filed a pro se brief assigning the following as error:
Assignments of error:
 {¶ 10} "I. Appellant's sentences should be reversed and modified pursuant to Ohio R.C. 2953.08(G)(1), as they were contrary to law and not supported by the record.
 {¶ 11} "II. The trial court's finding that a minimum sentence upon appellant would demean the seriousness of this offense and not adequately protect society in this matter is not supported by the record and is in violation of my right's as guaranteed of USCA Constitution and the Ohio Constitution."
 {¶ 12} We shall address each of appellant's assigned errors together.
 I II. {¶ 13} R.C. 2953.08(D) provides that a sentenced imposed upon a defendant is not subject to review under this section, if the sentence is authorized by law, as has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. Here, the record is clear that appellant knowingly, intelligently, and voluntarily entered into an agreement with the State with respect to the sentences he would receive. The State complied with the agreement and appellant now seeks to sidestep the agreement.
 {¶ 14} We have reviewed the entire record in this case, and we find that the trial court had sufficient evidence before it and made the appropriate Findings of Fact with respect to the sentences imposed upon appellant. Additionally, we believe appellant is bound by the agreement that he knowingly, intelligently, and voluntarily entered into with respect to those sentences.
 {¶ 15} Accordingly, we hereby overrule appellant's first and second assigned errors.
 {¶ 16} Pursuant to Anders, supra, once counsel for appellant notified this Court that he believed the within appeal to be wholly frivolous, this Court must examine the entire record to determine if there is any merit to the within appeal. If this Court determines that the appeal is wholly frivolous, the Court may grant the attorney's request to withdraw.
 {¶ 17} As stated before, we have examined the entire record and find the within appeal to be wholly frivolous. Accordingly, the motion of Attorney Rankin to withdraw as counsel for appellant in the instant case is hereby granted.
 {¶ 18} The judgment of conviction and sentence entered against appellant Todd M. Wolfe is hereby affirmed.
By: Farmer, P.J., Gwin, J. and Boggins, J. concur.